
## 2246-CC00313 - VICKIE HALL V CHRISTOPHER UNDERWOOD ET AL (E-CASE)

| Case FV Header Attorneys | Parties & | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries:  ● Descending  ○ Ascending

Display Options:  All Entries

---

**12/27/2022** ☐ **Summons Issued-Circuit**
Document ID: 22-SMOS-135, for UNDERWOOD, CHRISTOPHER.

**12/21/2022** ☐ **Notice of Service**
Return of Service Non Est..-tm
**Filed By:** JOEL A BLOCK
**On Behalf Of:** VICKIE HALL

☐ **Request Filed**
Letter to Circuit Clerk.
**Filed By:** JOEL A BLOCK

☐ **Summons Returned Non-Est**
Document ID - 22-SMOS-131; Served To - UNDERWOOD, CHRISTOPHER; Server - ; Served Date - 21-DEC-22; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Non-est

**12/16/2022** ☐ **Order - Special Process Server**

☐ **Proposed Order Filed**
Proposed Order for Special Process Server.-tm
**Filed By:** JOEL A BLOCK
**On Behalf Of:** VICKIE HALL

☐ **Motion Special Process Server**
Motion to Appoint Special Process Server.-tm
**Filed By:** JOEL A BLOCK

**12/09/2022** ☐ **Summons Issued-Circuit**
Document ID: 22-SMOS-132, for POWELL FEED & MILLING CO., INC..

☐ **Summons Issued-Circuit**
Document ID: 22-SMOS-131, for UNDERWOOD, CHRISTOPHER.

**12/07/2022** ☐ **Filing Info Sheet eFiling**
**Filed By:** JOEL A BLOCK

☐ **Pet Filed in Circuit Ct**
Petition for Damages for Wrongful Death.-TM
**Filed By:** JOEL A BLOCK
**On Behalf Of:** VICKIE HALL

☐ **Judge Assigned**


EXHIBIT
A

Electronically Filed - Taney - December 07, 2022 - 11:19 AM

IN THE CIRCUIT COURT OF TANEY COUNTY, MISSOURI

| | | |
|---|---|---|
| **VICKIE HALL, Natural Mother of** | ) | |
| **Decedent, JOEY HORN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.**_____ |
| | ) | |
| **CHRISTOPHER UNDERWOOD** | ) | **JURY TRIAL REQUESTED** |
| **Serve at:** | ) | |
| **6122 Wolf Springs Rd.** | ) | |
| **Harrison, AR 72601** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **POWELL FEED & MILLING CO, INC.** | ) | |
| **Serve Registered Agent:** | ) | |
| **Kirk Powell** | ) | |
| **385 Highway 103 S.** | ) | |
| **Green Forest, AR** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PETITION FOR DAMAGES FOR WRONGFUL DEATH

**COMES NOW** Plaintiff, by and through her undersigned attorneys of record and for her

Petition against Defendants Christopher Underwood and his employer Defendant Powell Feed &

Milling Co, Inc., states as follows:

1.      At all times relevant herein, Plaintiff Vickie Hall, was an adult and natural mother

of Joey Horn, deceased, who lived in Taney County, Missouri.

2.      Per §§537.090 and 537.080, RSMo, Plaintiff is entitled to bring this action for

wrongful death of Joey Horn, and for damages suffered by Joey Horn, deceased, between the time

of injury and the time of his death.

3.      At all times relevant herein, Defendant Christopher Underwood was a resident of

Harrison, Boone County, Arkansas.

4.      At all times herein mentioned and at the time of this crash, Defendant Powell Feed & Milling Co, Inc. is/was an interstate common carrier, motor carrier, and trucking transport company subject to applicable State and Federal Motor Carrier Safety Regulations; Defendant Powell Feed & Milling Co, Inc. is/was an Arkansas corporation capable of suing and being sued in Missouri courts. At all relevant times Defendant Powell Feed & Milling Co, Inc. operated in the State of Missouri and placed its trucks on Missouri Highways—including the truck that struck and killed Joey Horn giving rise to this lawsuit—as demonstrated by the traffic violations Defendant Underwood received on Missouri roadways while working for Defendant Powell Feed & Milling Co, Inc.

5.      That all events described herein, and which gave rise to Plaintiff's cause of action, occurred in Taney County, Missouri.

6.      That this Court has jurisdiction over this cause of action because the injuries arise from tortious conduct committed in Taney County, Missouri, and because the damages are in excess of $25,000.00.

7.      At all times relevant herein, the portion of U.S. 65 where this incident occurred was a public highway, street, or thoroughfare, located in Taney County, Missouri.

8.      On or about September 15, 2020, at approximately 5:53 am Joey Horn was walking near U.S. 65 in Taney County, Missouri.

9.      At the above-referenced date and time, Defendant Christopher Underwood was operating a 2001 Peterbilt tractor trailer northbound on U.S. 65 in Taney County, Missouri but without the class of driver's license legally required to operate the vehicle he was driving.

2

Electronically Filed - Taney - December 07, 2022 - 11:19 AM

10. Defendant Christopher Underwood failed to keep a careful lookout and/or maintain control of his vehicle as set forth below and hit Joey Horn as a pedestrian causing fatal injuries to Joey Horn.

11. Defendant Powell Feed & Milling Co, Inc. and its agents, servants, and employees, at all relevant times set forth herein, were subject to the rules and regulations contained and set forth in Title 49, Code of Federal Regulations, including but not limited to the sections thereof set forth herein.

12. At all times herein mentioned, Defendant Powell Feed & Milling Co, Inc. was acting individually and through its agents, servants, and/or employees, including Defendant Christopher Underwood.

13. At all times herein mentioned Defendant Christopher Underwood was hired by Defendant Powell Feed & Milling Co, Inc. to drive a commercial motor vehicle (tractor trailer) and was directed by Defendant Powell Feed & Milling Co, Inc. to transport various loads.

14. At all times herein mentioned, and at the time of this incident, Powell Feed & Milling Co, Inc., individually, and/or through its agents, servants, and/or employees, owned, leased, controlled, and/or operated the tractor trailer unit operated by Defendant Christopher Underwood that struck and killed Joey Horn.

15. At all times herein mentioned, Defendant Powell Feed & Milling Co, Inc. owned, operated, maintained, managed and controlled the tractor trailer unit operated by Defendant Christopher Underwood that struck and killed Joey Horn.

16. Per Section 537.058, RSMo, on or about August 1, 2022, Plaintiff made a demand upon Defendant's liability insurance carrier for the wrongful death of Joey Horn, which the carrier received and rejected. Defendant's insurance carrier therefore failed to protect its insured and

3

breached its fiduciary duty to its insured by elevating its financial interests above the interests of its insured.

### COUNT I: NEGLIGENCE OF DEFENDANT CHRISTOPHER UNDERWOOD

**COMES NOW** Plaintiff and for Count I of her Petition against Defendant Christopher Underwood states as follows:

17. Plaintiff incorporates by reference each and every allegation contained in the General Allegations, above, as though said paragraphs were set forth herein.

18. At the above-referenced date and time, Defendant Christopher Underwood negligently operated the 2001 Peterbilt tractor-trailer by colliding with Joey Horn resulting in injuries and death Joey Horn, and damages to Plaintiff as hereinafter alleged.

19. At the time of the collision, Defendant Christopher Underwood was negligent in one or more of the following respects:

    a.    He failed to keep a careful lookout for other pedestrians or people at that time and place, including pedestrian Joey Horn;

    b.    He failed to maintain control of his 2001 Peterbilt tractor-trailer;

    c.    He failed to keep a proper lookout;

    d.    He drove his 2001 Peterbilt tractor-trailer at an excessive speed;

    e.    He operated his 2001 Peterbilt tractor-trailer at a speed that was too fast for conditions;

    f.    He failed to devote adequate attention to the roadway and the presence of pedestrians such as Joey Horn

    g.    He operated the 2001 Peterbilt tractor-trailer while distracted;

4

h.    He drove at a speed which made it impossible for him to stop within his range of visibility;

i.    He failed to use the highest degree of care whereby Defendant could have known that there was a reasonable likelihood of collision in time thereafter to have stopped, or swerved, or slackened speed, or sounded a warning, or slackened speed and swerved, or slackened speed and sounded a warning, or swerved and sounded a warning with respect to Joey Horn but Defendant failed to do so;

j.    He allowed his 2001 Peterbilt tractor-trailer to collide with Joey Horn, killing him;

k.    He operated the 2001 Peterbilt tractor-trailer when distracted, fatigued and/or not medically qualified to do so.

l.    He failed to properly control his speed, apply the brakes, or take any other evasive action or preventative measure from colliding with Joey Horn.

20.    At the time of the collision, Defendant Christopher Underwood was negligent *per se* for violating one or more of the following laws that were intended and designed to prevent the type of harm suffered by Joey Horn and therefore Plaintiff (in addition to the laws and regulations in Count II, below):

a.    Failure to operate the vehicle in a careful and prudent manner in violation of §304.012, RSMo;

b.    Failure to comply with the rules of the road in violation of §304.010, RSMo *et seq*;

5

    c.      Failure to use the highest degree of care when operating a motor vehicle in violation of §304.012, RSMo;

    d.      Failure to operate the vehicle in a single lane in violation of §304.015, RSMo;

    e.      Failure to comply with applicable Missouri State and Federal Motor Carrier Safety Regulations including but not limited to those regulations and statutes cited in this Petition.

    f.      Failure to have the appropriate commercial driver's license or class of driver's license;

    g.      Any such other ordinances, statutes, regulations, or laws that may be discovered during the pendency of this case.

21.     To the extent that Defendant Christopher Underwood has been convicted of a traffic violation, statute, infraction, misdemeanor, or the like, arising from this accident, Plaintiff hereby pleads the doctrine of collateral estoppel and reserves the right to rely on any such conviction as a basis for offensive collateral estoppel on the issues of liability and/or causation and/or damages.

22.     As a result of the negligence and negligence *per se* of Defendant Christopher Underwood, Joey Horn sustained injuries between the time of injury and the time of death for which Plaintiff is entitled to recover per §§537.090 and 537.080, RSMo.

23.     As a result of the negligence and negligence *per se* of Defendant Christopher Underwood, Plaintiff sustained damages because of the death of Joey Horn, which include, but are not limited to, loss of services, consortium, society, comfort, counsel and support of Joey Horn.

6

24.     The negligence and negligence *per se* of Defendant Christopher Underwood, caused the wrongful death of Joey Horn for which Plaintiff is entitled to recover per §§537.090 and 537.080, RSMo, including but not limited to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Joey Horn which includes but is not limited to, the pecuniary loss of future income caused by the death of Joey Horn.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Christopher Underwood for such damages as are fair and reasonable, for her costs herein incurred, and for such other relief to which the law may entitle her and to which to court deems just and proper in the premises.

## COUNT II: NEGLIGENCE OF DEFENDANT POWELL FEED & MILLING Co, INC.

**COMES NOW** Plaintiff and for Count II of her Petition against Defendant Powell Feed & Milling Co, Inc., states as follows:

25.     Plaintiff incorporates by reference each and every allegation contained in the General Allegations, and Counts I as though said paragraphs were set forth herein.

26.     Defendant Christopher Underwood was an employee, agent, servant and/or lessor of Defendant Powell Feed & Milling Co, Inc., at the time of this incident.

27.     At the time of this incident, Defendant Christopher Underwood was acting within the scope and course of his employment, or agency, or capacity as an employee, agent or servant and/or lessor with Defendant Powell Feed & Milling Co, Inc.

28.     Defendant Powell Feed & Milling Co, Inc. is vicariously liable for the negligent conduct of its agent/servant/employee Christopher Underwood via *respondeat superior*.

29.     In addition to vicarious liability for the conduct of its agent, servant or employee, Defendant Powell Feed & Milling Co, Inc. is directly negligent in one or more of the following respects:

7

a. Hiring Defendant Christopher Underwood;

b. Retaining Defendant Christopher Underwood even after he was charged with or pled guilty to speeding or other relevant violations including, on information and belief on August 28, 2020, mere weeks before this wreck, charges for Falsifying Driver Record/Exceeding Maximum Driving Time and Failure to Stop for Stop Line/Before Crosswalk in Bates County, Missouri to which he pled guilty and paid a fine;

c. Entrusting Defendant Christopher Underwood with the operation of motor vehicles on or around the time of the accident giving rise to this suit;

d. Training Defendant Christopher Underwood;

e. Supervising Defendant Christopher Underwood;

f. Failing to have policies and procedures in effect to govern the conduct of its drivers to prevent negligent and unsafe conduct such as that committed by Defendant Christopher Underwood giving rise to this case as demonstrated by the following safe driving violations attributable to Defendant Powell Feed & Milling Co, Inc. or its employees, agents, servants and/or lessors in the few months surrounding the wrongful death of Joey Horn:

    1. On or about August 20, 2020, Unsafe driving violation for failure to obey traffic control device;

    2. On or about October 6, 2020, Unsafe driving violation for speeding 15 or more miles over the speed limit;

    3. On or about October 21, 2020, Unsafe driving violation for speeding 6-10 miles over the speed limit;

4.   On or about October 28, 2020, Unsafe driving violation for speeding 6-10 miles over the speed limit;

5.   On or about October 29, 2020, Unsafe driving violation for speeding 6-10 miles over the speed limit.

g.   Failing to ensure that its drivers, such as Defendant Christopher Underwood, complied with its policies and procedures to prevent negligent conduct such as that committed by Defendant Christopher Underwood giving rise to this case.

30.   Pursuant to applicable Missouri Statutes, including but not limited to §§302.768, 307.400 and 622.550, RSMo, as well as applicable Federal Regulations, including but not limited to 49 CFR §392.1 and §392.2, both Defendants had a duty to comply with applicable laws and regulations and both Defendants were negligent *per se* for the violation of one or more of the applicable Missouri Statutes or Federal Regulations that were intended and designed to prevent the type of harm suffered by Plaintiff from the death of Joey Horn (see 49 CFR §390.5) giving rise to this case including but not limited to those regulations found in 49 CFR §381, §382, §383, §391 and §392.

31.   The direct and vicarious negligence and negligence *per se* of Defendant Powell Feed & Milling Co, Inc. directly and by and through its employee, agent, servant and/or lessor, Christopher Underwood, caused the wrongful death of Joey Horn for which Plaintiff is entitled to recover per §§537.090 and 537.080, RSMo, including but not limited to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Joey Horn, which includes but is not limited to, the pecuniary loss of future income caused by the death of Joey Horn.

9

32.     As a result of the negligence and negligence *per se* of Defendant Christopher Underwood, Joey Horn sustained injuries between the time of injury and the time of death for which Plaintiff is entitled to recover per §§537.090 and 537.080, RSMo.

33.     As a result of the negligence and negligence *per se* of Defendant Christopher Underwood, Plaintiff sustained damages as a result of the death of Joey Horn, which include, but are not limited to, loss of services, consortium, society, comfort, counsel and support of Joey Horn.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Powell Feed & Milling Co, Inc. for a reasonable sum, for her costs herein incurred, and for such other relief as the Court deems just and proper.

**AARON SACHS & ASSOCIATES, P.C.**

Aaron Sachs
Missouri Bar No. 33856

Joel A. Block
Missouri Bar No. 50909
Email: joel@autoinjury.com
3271 E. Battlefield, Ste. 350
Springfield, MO 65804
Telephone:     417-889-1400
Facsimile:     417-889-5359
**Attorneys for Plaintiff Vickie Hall**



# IN THE 46TH JUDICIAL CIRCUIT, TANEY COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JEFFREY M MERRELL | Case Number: 2246-CC00313 |
| Plaintiff/Petitioner:<br>VICKIE HALL | Plaintiff's/Petitioner's Attorney/Address:<br>JOEL A BLOCK<br>3271 E Battlefield St<br>Ste 350 |
| vs. | Springfield, MO 65804 |
| Defendant/Respondent:<br>CHRISTOPHER UNDERWOOD | Court Address:<br>266 MAIN STREET |
| Nature of Suit:<br>CC Wrongful Death | PO BOX 129<br>FORSYTH, MO 65653 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: POWELL FEED & MILLING CO., INC.
Alias:

385 HIGHWAY 103 SOUTH
GREEN FOREST, AR 72638

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*TANEY COUNTY*

| 12/9/2022 | /s/ Amy Strahan,tm |
|---|---|
| Date | Clerk |

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)
   - ☐ delivering a copy of the summons and petition to the defendant/respondent.
   - ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   - ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   - ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
           ☐ the judge of the court of which affiant is an officer.
           ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
           ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to officer making return on service of summons.**

SJRC (07-21) SM60 (SMOS) *For Court Use Only*: Document ID# 22-SMOS-132    1 of 2   **(2246-CC00313)**    SCR 54.06, 54.07, 54.14, 54.20;<br>506.500, 506.510 RSMo

Case 6:23-cv-03019-MDH   Document 1-1   Filed 01/17/23   Page 13 of 26

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

SJRC (07-21) SM60 (SMOS) *For Court Use Only:* Document ID# 22-SMOS-132    2 of 2   (2246-CC00313)    SCR 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 6:23-cv-03019-MDH   Document 1-1   Filed 01/17/23   Page 14 of 26



# IN THE 46TH JUDICIAL CIRCUIT, TANEY COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JEFFREY M MERRELL | Case Number: 2246-CC00313 |
| Plaintiff/Petitioner:<br>VICKIE HALL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JOEL A BLOCK<br>3271 E Battlefield St<br>Ste 350<br>Springfield, MO 65804 |
| Defendant/Respondent:<br>CHRISTOPHER UNDERWOOD | Court Address:<br>266 MAIN STREET |
| Nature of Suit:<br>CC Wrongful Death | PO BOX 129<br>FORSYTH, MO 65653 | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **CHRISTOPHER UNDERWOOD**
Alias:

**6122 WOLF SPRINGS RD
HARRISON, AR 72601**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*TANEY COUNTY*

| 12/9/2022 | /s/ Amy Strahan,tm |
|---|---|
| Date | Clerk |

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)
   ☐ delivering a copy of the summons and petition to the defendant/respondent.
   ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

| Printed Name of Sheriff or Server | Signature of Sheriff or Server |
|---|---|

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.

*(Seal)*        ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
                ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | ( _____ miles @ $ _____ per mile) |
| Total | $_____ | |

**See the following page for directions to officer making return on service of summons.**

Case 6:23-cv-03019-MDH   Document 1-1   Filed 01/17/23   Page 15 of 26

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

SJRC (07-21) SM60 (SMOS) *For Court Use Only:* **Document ID# 22-SMOS-131**   2 of 2   **(2246-CC00313)**   SCR 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 6:23-cv-03019-MDH   Document 1-1   Filed 01/17/23   Page 16 of 26

FILED
12/16/2022
AMY STRAHAN
CIRCUIT CLERK
TANEY COUNTY

Electronically Filed - Taney - December 16, 2022 - 11:54 AM

## IN THE CIRCUIT COURT OF TANEY COUNTY, MISSOURI

VICKIE HALL, Natural Mother of )
Decedent, JOEY HORN )
       )
      **Plaintiff,** )
       )
      v. )      **Case No. 2246-CC00313**
       )
CHRISTOPHER UNDERWOOD )      **JURY TRIAL REQUESTED**
Serve at: )
6122 Wolf Springs Rd. )
Harrison, AR 72601 )
       )
and )
       )
POWELL FEED & MILLING CO, INC. )
Serve Registered Agent: )
Kirk Powell )
385 Highway 103 S. )
Green Forest, AR )
       )
      **Defendants.** )

## ORDER FOR SPECIAL PROCESS SERVER

On this 16th day of December 2022, the Court, having reviewed Plaintiff's *Motion to Appoint of Special Process Server*; it is hereby:

ORDERED, ADJUDGED AND DECREED, that, Ozark Legal Service, LLC is appointed as special process server in the above captioned case, for the purpose of serving Christopher Underwood and Powell & Milling CO, Inc.

12/16/2022
_____
DATE

/s/ Amy Strahan,tm
_____
CIRCUIT COURT JUDGE/CLERK

Electronically Filed - Taney - December 16, 2022 - 11:54 AM

IN THE CIRCUIT COURT OF TANEY COUNTY, MISSOURI

| | | |
|---|---|---|
| **VICKIE HALL, Natural Mother of** | ) | |
| **Decedent, JOEY HORN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2246-CC00313** |
| | ) | |
| **CHRISTOPHER UNDERWOOD** | ) | **JURY TRIAL REQUESTED** |
| Serve at: | ) | |
| **6122 Wolf Springs Rd.** | ) | |
| **Harrison, AR 72601** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **POWELL FEED & MILLING CO, INC.** | ) | |
| **Serve Registered Agent:** | ) | |
| **Kirk Powell** | ) | |
| **385 Highway 103 S.** | ) | |
| **Green Forest, AR** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER FOR SPECIAL PROCESS SERVER

On this 16th day of December 2022, the Court, having reviewed Plaintiff's *Motion to Appoint of Special Process Server*; it is hereby:

ORDERED, ADJUDGED AND DECREED, that, Ozark Legal Service, LLC is appointed as special process server in the above captioned case, for the purpose of serving Christopher Underwood and Powell & Milling CO, Inc.

_____                    _____
DATE                                       CIRCUIT COURT JUDGE/CLERK

## IN THE CIRCUIT COURT OF TANEY COUNTY, MISSOURI

| | |
|---|---|
| VICKIE HALL, Natural Mother of<br>Decedent, JOEY HORN<br><br>    Plaintiff,<br><br> v.<br><br>CHRISTOPHER UNDERWOOD<br>Serve at:<br>6122 Wolf Springs Rd.<br>Harrison, AR 72601<br><br>and<br><br>POWELL FEED & MILLING CO, INC.<br>Serve Registered Agent:<br>Kirk Powell<br>385 Highway 103 S.<br>Green Forest, AR<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 2246-CC00313

**JURY TRIAL REQUESTED**

<u>MOTION TO APPOINT SPECIAL PROCESS SERVER</u>

   In accordance with RSMo. §506.140.1 and local rules, upon written application and with just cause shown, Plaintiffs hereby requests appointment of a duly qualified disinterested party as "Special Process Server." This appointment shall only be valid for this specific case.

   Christopher Underwood and Powell Feed & Milling Co, Inc. will not be prejudiced by the appointment of a special process server.

   **WHEREFORE**, Plaintiffs pray for Leave of this Court to appoint Ozark Legal Service, LLC as special process server.

         **AARON SACHS & ASSOCIATES, P.C.**

         <u>/s/ Joel A. Block</u>
         Joel A. Block, Missouri Bar No. 50909
         Email: joel@autoinjury.com
         3271 E. Battlefield, Ste. 350
         Springfield, MO 65804
         Telephone: 417-889-1400
         Facsimile: 417-889-5359
         **Attorneys for Plaintiffs**

Electronically Filed - Taney - December 21, 2022 - 03:47 PM



**IN THE 46TH JUDICIAL CIRCUIT, TANEY COUNTY, MISSOURI**

| Judge or Division:<br>JEFFREY M MERRELL | Case Number: 2246-CC00313 | |
|---|---|---|
| Plaintiff/Petitioner:<br>VICKIE HALL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JOEL A BLOCK<br>3271 E Battlefield St<br>Ste 350<br>Springfield, MO 65804 | |
| Defendant/Respondent:<br>CHRISTOPHER UNDERWOOD | Court Address:<br>266 MAIN STREET | |
| Nature of Suit:<br>CC Wrongful Death | PO BOX 129<br>FORSYTH, MO 65653 | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: CHRISTOPHER UNDERWOOD
Alias:

6122 WOLF SPRINGS RD
HARRISON, AR 72601

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**TANEY COUNTY**

| 12/9/2022 | /s/ Amy Strahan,tm |
|---|---|
| Date | Clerk |

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)
   ☐ delivering a copy of the summons and petition to the defendant/respondent.
   ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   ☑ other: _Return Non-Est_

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_Hunter P. DeLong_
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Subscribed and sworn to before me this _____ (day) _____ (month) _____ (year).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
   ☐ the judge of the court of which affiant is an officer.
   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

**Service Fees**
| Summons | $ |
| Non Est | $ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ |

See the following page for directions to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

# Aaron Sachs
## & Associates, P.C.

### AutoInjury.com
### 1.888.777.AUTO (2886)

*Attorneys*
Aaron Wm. Sachs
Joel A. Block**
Max Blaser***
Rick VanAntwerp
Brandon L. Howard
Brandon C. Potter
Daniel P. Molloy
Andrew T. Brown*
Tom A. Kapstrom
Vera M. Moritz***
Laurna D. Alumbaugh*
Karima Gilbert
*Licensed also in Kansas
**Licensed also in Arkansas
*** Licensed also in Oklahoma

December 21, 2022

VIA ELECTRONIC FILING SYSTEM

Taney County Circuit Court

RE:     *Vickie Hall v. Christopher Underwood*
        Case No. 2246-CC00313

To Whom It May Concern:

Please reissue an alias summons for the defendant Christopher Underwood at 2734
Wolf Springs Rd., Harrison, AR 72601.

If you have any questions, please let me know.

Sincerely,

AARON SACHS & ASSOCIATES, P.C.

By: _____
    Hunter P. DeLong, Paralegal

HD

*Send ALL Correspondence
and Business Reply Mail to
the Principal Office at*
3271 E Battlefield, Suite 350
Springfield, Missouri 65804
Office 417.889.1400
Fax 417.889.5359

3101 McClelland Boulevard
Joplin, Missouri 64804
Office 417.627.0066
Fax 417.627.9877

Buttonwood Business Center
3610 Buttonwood Drive, Ste 224
Columbia, Missouri 65201
Office 573.449.5500

*Attorney Meetings by
Appointment Only*

Electronically Filed - Taney - December 21, 2022 - 03:47 PM

 **IN THE 46TH JUDICIAL CIRCUIT, TANEY COUNTY, MISSOURI**

| Judge or Division:<br>JEFFREY M MERRELL | Case Number: 2246-CC00313 |
|---|---|
| Plaintiff/Petitioner:<br>VICKIE HALL<br><br><div align=right>vs.</div> | Plaintiff's/Petitioner's Attorney/Address:<br>JOEL A BLOCK<br>3271 E Battlefield St<br>Ste 350<br>Springfield, MO 65804 |
| Defendant/Respondent:<br>CHRISTOPHER UNDERWOOD | Court Address:<br>266 MAIN STREET |
| Nature of Suit:<br>CC Wrongful Death | PO BOX 129<br>FORSYTH, MO 65653          (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: CHRISTOPHER UNDERWOOD
Alias:

6122 WOLF SPRINGS RD
HARRISON, AR 72601

**COURT SEAL OF**

**TANEY COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

| 12/9/2022 | /s/ Amy Strahan,tm |
|---|---|
| Date | Clerk |

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)
   ☐ delivering a copy of the summons and petition to the defendant/respondent.
   ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   ☑ other: Return Non-Est

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

Hunter P. DeLong
Printed Name of Sheriff or Server                    Signature of Sheriff or Server
**Subscribed and sworn to before me this** _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
*(Seal)*
☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

See the following page for directions to officer making return on service of summons.

SJRC (07-21) SM60 (SMOS) *For Court Use Only:* Document ID# 22-SMOS-131    1 of 2   (2246-CC00313)    SCR 54.06, 54.07, 54.14, 54.20,
506.500, 506.510 RSMo

Case 6:23-cv-03019-MDH   Document 1-1   Filed 01/17/23   Page 23 of 26

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.



# IN THE 46TH JUDICIAL CIRCUIT, TANEY COUNTY, MISSOURI

| Judge or Division:<br>JEFFREY M MERRELL | Case Number: 2246-CC00313 |
|---|---|
| Plaintiff/Petitioner:<br>VICKIE HALL | Plaintiff's/Petitioner's Attorney/Address:<br>JOEL A BLOCK<br>3271 E Battlefield St<br>Ste 350<br>Springfield, MO 65804 |
| Defendant/Respondent:<br>CHRISTOPHER UNDERWOOD | Court Address:<br>266 MAIN STREET |
| Nature of Suit:<br>CC Wrongful Death | PO BOX 129<br>FORSYTH, MO 65653 |

vs.

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **CHRISTOPHER UNDERWOOD**
Alias:

**2734 WOLF SPRINGS RD**
**HARRISON, AR 72601**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the plaintiff/petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*TANEY COUNTY*

| 12/27/2022 | /s/ Amy Strahan,tm |
|---|---|
| Date | Clerk |

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above Summons by: (check one)
   ☐ delivering a copy of the summons and petition to the defendant/respondent.
   ☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
   ☐ (for service on a corporation) delivering a copy of the summons and petition to _____ (name) _____ (title).
   ☐ other: _____.

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

### Service Fees
| Summons | $ _____ | |
|---|---|---|
| Non Est | $ _____ | |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ | |

**See the following page for directions to officer making return on service of summons.**

SJRC (07-21) SM60 (SMOS) *For Court Use Only:* **Document ID# 22-SMOS-135**    1 of 2    **(2246-CC00313)**    SCR 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 6:23-cv-03019-MDH    Document 1-1    Filed 01/17/23    Page 25 of 26

## Directions to Officer Making Return on Service of Summons

A copy of the summons and petition must be served on each defendant/respondent. If any defendant/respondent refuses to receive the copy of the summons and petition when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and petition and the defendant's/respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and petition personally to the individual or by leaving a copy of the summons and petition at the individual's dwelling house or usual place of abode with some person at least 18 years of age residing therein, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant/respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must be made less than 10 days nor more than 30 days from the date the defendant/respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri court within 30 days after service.

SJRC (07-21) SM60 (SMOS) *For Court Use Only*: Document ID# 22-SMOS-135      2 of 2   **(2246-CC00313)**      SCR 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 6:23-cv-03019-MDH   Document 1-1   Filed 01/17/23   Page 26 of 26